UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| SAMUEL MARK HOPPER, ) | |
| ) | |
| Petitioner, ) | Civil No. 11-03-GFVT |
| ) | |
| v. ) | |
| ) | |
| KAREN HOGSTEN, WARDEN, ) | **MEMORANDUM OPINION** |
| ) | **&** |
| Respondent. ) | **ORDER** |
| ) | |

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

Samuel Mark Hopper is an inmate confined at the Federal Correctional Institution in Manchester, Kentucky. Hopper, through counsel, has petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking credit for time served in state custody against his federal sentence.[1] [R. 1.] Warden Karen Hogsten has filed her response. [R. 30.] The Court denies the relief requested.

**I.**

On December 4, 2003, Hopper approached the home of Rebecca Ritter in Lebanon, Tennessee, armed with a stolen 12-gauge pump shotgun. At the time, Hopper was on parole from prior state offenses and approached Ritter's home to discuss an aggravated assault charge filed by Ritter against Hopper. The charge arose out of an altercation between those two parties ten days before. After Ritter refused to let Hopper in the front door, he attempted to enter by force. Before he was able to do so, Ritter shot through the door with a .38-caliber revolver,

---

[1] Hopper originally moved for relief pursuant to 28 U.S.C. § 2255 in the sentencing court. This matter is before the Court following two transfers and one recharacterization of the relief sought. The reader may find a more complete procedural history in the Court's Order entered January 10, 2011. [R. 21.]

striking Hopper in the shoulder. Ritter then called 911, and Hopper was arrested by local police shortly thereafter.

On December 10, 2003, Hopper was charged with a number of offenses under Tennessee law. While those charges remained pending, Hopper was transferred to a state facility in Tipton, Tennessee, for violating the terms of his parole from prior state convictions. The state charges arising out of the December 4, 2003 incident were dismissed in deference to federal criminal prosecution on December 18, 2003. [R. 1 at 2.]

On April 26, 2004, the United States charged Hopper with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Hopper appeared before a magistrate judge pursuant to a writ of habeas corpus ad prosequendum for an initial appearance on March 1, 2005. After a jury heard three hours of proof and deliberated for two and a half days without reaching a unanimous verdict, the court declared a mistrial on July 28, 2005. The case was dismissed on December 16, 2005 on the government's motion. *United States v. Hopper*, No. 3:04-cv-105-1 (M.D. Tenn. 2004).

With the first case still pending, the United States filed a new information on September 27, 2005 charging Hopper with unlawfully possessing a stolen firearm in violation of 18 U.S.C. §§ 922(j) and 924. Before the information was filed, Hopper agreed to plead guilty to the charge pursuant to a written plea agreement. That agreement stated in part:

> 16. The parties agree that the sentence entered against the Defendant in this case will run concurrently with any sentence the Defendant receives as a result of the revocation of his parole. The government recommends that portion of time be credited toward service of his sentence of imprisonment because the defendant has been in federal custody for the instant offense since February 2005. Defendant reserves right to argue that the concurrent sentence should run from Dec. 4, 2003, which the government does not agree with.
>
> 17. The parties understand that such recommendation binds neither the Court or the Bureau of Prisons . . . .

On December 16, 2005, Hopper was sentenced to serve a 120-month term of incarceration, to "run concurrently with the state parole revocation (PVWA 51838)" arising out of eleven prior state sentences. The Judgment and Commitment Order states,

> Pursuant to 18 USC § 3585(b)(1), the court and the government recommend that the defendant receive jail-time credit from 12/4/2003, when he was arrested on state charges that were dismissed in deference to federal prosecution.

*United States v. Hopper*, No. 3:05-cr-165 (M.D. Tenn. 2005).

Hopper was returned to state custody on December 21, 2005, and on March 27, 2006, the Tennessee Board of Probation and Paroles revoked Hopper's parole. [R. 1 at 3] Hopper returned to state prison and served the remainder of his outstanding state sentences, which lapsed on December 19, 2008. At that time, he was released into federal custody pursuant to a detainer. [R. 1-3 at 3.]

After his arrival in federal custody, Hopper sought to ensure that he received credit against his federal sentence for all time spent in state custody starting from his arrest on December 4, 2003. Following a review by the Bureau of Prisons' (BOP) Designation and Sentence Computation Center, the BOP indicated that to comply with the order that Hopper's federal sentence run concurrently with his state parole revocation sentence it began his federal sentence on December 16, 2005, the date of his federal sentencing. [R. 1-3 at 2, 3.]

In his petition, Hopper seeks credit for time spent in custody between March 1, 2005, the date of his initial appearance on the felon-in-possession charge, and December 16, 2005, the date of his sentencing. [R. 1 at 1.] The BOP elected not to credit that time because time in state custody prior to December 16, 2005 had already been credited against his state sentence; thus, pursuant to 18 U.S.C. § 3585(b), that time could not also be counted against his federal sentence. [R. 1-3 at 3.]

## II.

Calculation of a federal prisoner's sentence, including both its commencement date and any credits for custody before the sentence is imposed, is determined by federal statute:

> (a) A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585.  The BOP implements § 3585 through Program Statement 5880.28.

Under Section 3585(a), Hopper's sentence would ordinarily have commenced on December 19, 2008, the day he was received into federal custody to begin service of his federal sentence.  However, the Judgment and Commitment Order in Hopper's case directed that his federal sentence should run concurrently with any sentence Tennessee would impose for violating the terms of his parole.  To give effect to this provision, the BOP designated, *nunc pro tunc*, the Tennessee prison as the place of his federal incarceration pursuant to 18 U.S.C. § 3621(b). Thus, Hopper's federal sentence commenced on December 16, 2005, the date his federal sentence was imposed.[2]

---

[2] The Court notes parenthetically that, as a result, Hopper received three years of credit against his federal sentence to which he was not otherwise legally entitled.  While the parties agreed that the federal sentence should run concurrently with the not-yet imposed state sentence, the sentencing court so ordered, and the BOP implemented the sentence accordingly, this was not

Because Hopper seeks credit for the nine months immediately preceding this date, its availability is governed by §3585(b).  That section explains that time credited may not be "double counted".  In this case, the period Hopper spent in state prison was credited against the sentence imposed by the Tennessee state court for violating his parole, and thus, it may not be used against his federal sentence.  *Huffman v. Perez*, 2000 WL 1478368 (6th Cir. Sept. 27, 2000); *Broadwater v. Sanders*, 59 F. App'x 112, 113-14 (6th Cir. 2003).  Because the BOP properly determined that §3585(b) precludes the credit Hopper seeks, the Court must deny his petition.

Accordingly, **IT IS ORDERED** that:

1. Hopper's petition for a writ of habeas corpus [R. 1] is **DENIED.**

2. An appropriate judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

This 30th day of November, 2011.



Signed By:
*Gregory F. Van Tatenhove*
United States District Judge

---

permissible under Sixth Circuit law.  *United States v. Quintero*, 157 F.3d 1038, 1040 n.1 (6th Cir. 1998) (citing *United States v. Means*, 1997 WL 584259, at *2 (6th Cir. 1997) ("The law is clear that a federal district court does not have the power to impose a federal sentence to run concurrently with a state sentence that has not yet been imposed."); *United States v. Abro*, 1997 WL 345736 (6th Cir. 1997)).  The proper way to obtain such credit, if it is available at all, is to seek a downward departure to account for prior time served pursuant to U.S.S.G. § 5G1.3(c).  *Cf. United States v. Pittman*, No. 6:09-cv-383-GFVT (E.D. Ky. 2009) (slip op. of Mar. 30, 2011, at 6-8) (citing *United States v. Gaskins*, 393 F. App'x 910, 914 (3d Cir. 2010)).